# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 10-01269-TLM |
| BRYAN JEFFERY COOPER, ) | |
| LORI LEE COOPER, ) | |
| ) | Chapter 13 |
| Debtors. ) | |
| _____ ) | |

### MEMORANDUM OF DECISION
_____

Before the Court in this chapter 13 case is the "Sixth Application for Approval of Compensation and Notice," Doc. No. 157 ("Application"), filed by Randal French ("Counsel"), the attorney for Bryan Jeffery Cooper and Lori Lee Cooper ("Debtors").[1] The chapter 13 trustee, Kathleen A. McCallister ("Trustee") objects to the Application. After argument at a January 19, 2016 hearing and pursuant to Court directive, the parties filed a post-hearing stipulation of facts on February 18, Doc. No. 172 ("Stipulation"),[2] and on May 28 filed their briefs. This Decision constitutes the Court's findings and conclusions on the contested matter pursuant to applicable rule.

**FACTS**

The Stipulation provides the facts, and the Court incorporates the same

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532, and all rule references are to the Federal Rules of Bankruptcy Procedure or to the Local Bankruptcy Rules ("LBR").

[2] In addition, the parties "supplemented" the Stipulation with Doc. No. 176. The Court's use of the term "Stipulation" is inclusive of this supplement.

MEMORANDUM OF DECISION - 1

herein by reference and without unnecessary reiteration. Only certain facts relevant to the Application and Trustee's objection will be highlighted.[3]

Debtors filed their joint petition on April 30, 2010. Debtors' confirmed chapter 13 plan, Doc. No. 34 ("Plan"),[4] required monthly payments in specified amounts, though those amounts changed at various stages over the term of the Plan. The Plan also required Debtors to turn over their net income tax refunds over the life of the 60 month Plan.

According to the Plan, Counsel's fees were to be determined and paid upon application, notice and order. Counsel's first application was filed in early December 2010, objected to by Trustee, and ultimately allowed, as adjusted by agreement, in late January 2011. Counsel's second, third, fourth and fifth applications were filed and allowed on what was effectively a yearly basis from 2012 through 2015.[5] For each such application, and in order to pay Counsel's allowed compensation, the Plan was modified to reallocate funds that previously under the confirmed Plan were going to unsecured creditors. That is to say, the requested fees were not to be paid by increasing Plan payments by Debtors in a like amount.

---

[3] The Court also takes judicial notice of its docket and records. Fed. R. Evid. 201.

[4] Another amended plan, Doc. No. 39, was filed three days after Doc. No. 34, but was evidently a re-filing of Doc. No. 34 to cure ECF errors. The Court refers to them both as the "Plan."

[5] The Application now before the Court indicates that Counsel was allowed and paid $16,068.50 in fees and costs under the first five applications. Doc. No. 157 at 2.

MEMORANDUM OF DECISION - 2

By their Stipulation, Debtors and Trustee have agreed that "Trustee received Debtors' last payment in the amount of $843.61 on September 28, 2015." Doc. No. 172 at 5, ¶ 23.[6] The Stipulation thus establishes that Debtors "completed" their required plan payments on September 28, 2015.

On October 8, 2015, after Debtors' completion of their required payments to Trustee, Counsel filed his Application. The Application requests allowance of $1,585.50 (fees of $1,530.00 and costs of $55.80). As with the five prior applications, it expressly seeks modification of the Plan to pay that compensation, if allowed, by reducing distributions to unsecured creditors. On December 28, almost two months after the objection period ran on the Application, Trustee filed her objection to the Application. Doc. No. 168.

**DISCUSSION AND DISPOSITION**

The parties debate numerous issues. However, several need not be reached. Resolution turns on the dual nature of the Application, and on the time it was asserted. As to the first aspect, Counsel asks not only for an allowance of additional attorneys' fees and costs under § 330, he also asks the Court to modify the Plan to treat those fees and costs, when allowed, as administrative expenses and to reduce the distributions to unsecured creditors in order to fund his allowed

---

[6] It is not at all clear from the documentation attached to the Stipulation that a "payment" of $843.61 was actually received by Trustee on September 28 given Trustee's ledger, Ex. E, which shows no receipts after April 6, 2015. *Id.* at 24 (Ex. E, p.1). Indeed, the email traffic between Counsel and Trustee suggests that the $843.61, which was related to tax refunds, was actually satisfied by $778.61 earlier received, leaving an "issue" of only $65. *Id.* at 5 ¶ 22; *see also id.* at 24 (ledger entry of 6/27/2014 reflecting receipt of federal tax refund of $778.61). Still, they have agreed such a "last payment" was received.

MEMORANDUM OF DECISION - 3

compensation. As to the second, the Application was filed on October 8, *after* Debtors had completed their plan payments.

A confirmed chapter 13 plan binds Debtors and all creditors. *See* § 1327(a). While a plan may be modified to increase or reduce the amount paid on claims of any particular class provided for in the plan, § 1329(a)(1), the Code specifically cabins the time within which that may occur. Specifically, § 1329(a) allows plan modification "[a]t any time after confirmation of the plan *but before the completion of payments under such plan*[.]" *Id.* (emphasis added).[7]

The "before completion of payments under such plan" language of § 1329(a) is generally held to refer to the date when the debtor has made all the plan-required payments to the trustee. *Profit v. Savage (In re Profit)*, 283 B.R. 567, 573 (9th Cir. BAP 2002);[8] *In re Sounakhene*, 249 B.R. 801, 804 (Bankr. S.D. Cal. 2000); *see also* 8 Collier on Bankruptcy, ¶ 1329.08 at 1329-20 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2011). Here, the Application was filed on October 8, 2015. By virtue of the Stipulation, Debtors "completed" their

---

[7] The completion of payments by Debtors has another consequence because § 1328(a) provides for entry of discharge "as soon as practicable after completion by the debtor of all payments under the plan[.]"

[8] The BAP stated in *Profit* that the "motion to modify must not only be filed in a timely manner, but it must also satisfy the requirements for a plan under §§ 1329, 1322 and 1325. In this case, it did not." *Id.*, 283 B.R. at 577. The modification motion in *Profit* was "timely filed, pursuant to § 1329(a)" because even though all regular plan payments had been made, the debtors had not yet turned over a tax refund as required by the confirmed plan. *Id.* at 573–74. But the modification request there still failed because it required payments in excess of the 60-month limitation of § 1329(c) and its counterpart § 1322(d). *Id.* at 574–75. Had Counsel's Application in the present case sought a modification that funded the requested compensation from *additional* payments into the plan by Debtors, it would similarly have violated § 1329(c) because the 60-month period expired in May 2015.

MEMORANDUM OF DECISION - 4

payments on September 28, 2015. When Counsel filed the Application praying for allowance of compensation *and* modification of the Plan to provide a means for payment of the compensation, modification was barred by § 1329(a).

**CONCLUSION**

Before the Application was filed on October 8, Debtors had completed all payments under the Plan. Section 1329(a) therefore prohibits Counsel's requested modification. The Application must be disallowed insofar as it seeks modification of the confirmed Plan. The Court further finds and concludes that evaluation of the Application's fees and costs under § 330 standards, and consideration of all related arguments, are consequently rendered moot.

The Court will enter an appropriate order.

DATED: April 6, 2016

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 5